IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-66-BO

| | | |
|---|---|---|
| NORMAN L. JUDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff claims her ailments are sufficiently disabling to qualify her for benefits. The Commissioner contends that the denial of benefits is supported by substantial evidence. For the reasons stated below, Plaintiff's Motion for Judgment on the Pleadings is DENIED and the Commissioner's decision is AFFIRMED.

I.  SUMMARY OF THE INSTANT DISPUTE

On January 17, 2003, Plaintiff filed an application for Social Security disability insurance benefits. Transcript ("T") pp. 61-63. Plaintiff's application was denied initially and upon reconsideration. T p. 41. Plaintiff requested a hearing, which was held on June 3, 2004. T pp. 830-855.

On August 21, 2004, the Administrative Law Judge ("ALJ") issued a decision adverse to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. T pp. 315-321. On May 13, 2005, the Appeals Council remanded the case to a new ALJ for further consideration. T pp. 338-341. On February 14, 2007, a new hearing was

held. On May 1, 2007, ALJ issued a decision adverse to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. T pp. 14-26. Plaintiff's request for review was denied by the Appeals Council, rendering the Commissioner's decision final. T pp. 9-12. Plaintiff timely filed this action, and this matter is now before the Court.

II. DISCUSSION

The Commissioner's decision is supported by substantial evidence and is AFFIRMED. If the Commissioner's decision is supported by substantial evidence, it is conclusive.[1] Substantial evidence that evidence which a reasonable mind might accept as adequate to support a conclusion.[2] Plaintiff alleges that the ALJ (1) incorrectly assessed Plaintiff's credibility , (2) improperly evaluated the opinions of Plaintiff's treating and examining physicians and (3) erred in finding Plaintiff could perform the full range of sedentary work prior to December 31, 2005.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. In doing so, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of the applicable Listings. Further, the ALJ determined Plaintiff could perform the sedentary work activity. Substantial evidence supports the ALJ's determination.

The Commissioner contends this case centers on the Plaintiff's credibility and whether substantial evidence supports the ALJ's credibility analysis. The Court agrees. Plaintiff's two other allegations of error on the ALJ's part both relate back to the issue of Plaintiff's credibility.

---

[1] 42 U.S.C. § 405(g).

[2] *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Accordingly, for the purposes of adjudicating this case, the Court need only determine whether substantial evidence supports the ALJ's credibility analysis.

Substantial evidence supports the pain and credibility analysis performed by the ALJ. The ALJ relied upon the entire record and made its determination regarding Plaintiff's credibility. The ALJ found that a number of Plaintiff's treating physicians indicated that Plaintiff fabricated the extent of his alleged impairments and provided medical testing to support their opinions. Specifically, Dr. Robinson, the attending physician who examined Plaintiff, noted that there was no reason for Plaintiff's alleged pain. T p. 49. Supporting this opinion were MRIs, which were negative for any herniation or severe spinal stenosis. T p. 47, MRI at 107. Consistent with Dr. Robinson's opinion and examination, Dr. Jones, who had examined Plaintiff a few years earlier, opined that "it is really hard to decide what is real and what is imagined in this patient." T p. 180. In addition to these two physicians' opinions and examinations, a neurologist treating Plaintiff as well as Ph.D. performing a mental examination on Plaintiff, questioned his sincerity and suspected Plaintiff was faking. T pp. 110 and 645. Based on this evidence, the Court finds substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

III. CONCLUSION

Because substantial evidence supports the Commissioner's decision, the decision is AFFIRMED.

SO ORDERED, this ____ day of May, 2009.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-3-